UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-3647(DSD/KMM)

Herbert R. Spigner,

        Plaintiff,

v.                                       **ORDER**

United States of America,

        Defendant.

    This matter is before the court upon the motion for an application to proceed on appeal without prepayment of fees by plaintiff Herbert R. Spigner. A litigant who seeks to be excused from paying the filing fee for an appeal may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1).

    Spigner's IFP application demonstrates that he has little income and few assets. See ECF No. 113. As a result, the court finds that he is financially eligible for IFP status. Even if a litigant is found to be indigent, however, IFP status will be denied if the court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is

taken in good faith, the court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. at 445. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Although the court remains fully satisfied that Spigner's complaint was dismissed, his appeal is not "frivolous," as that term has been defined by the Supreme Court. As a result, the appeal is considered to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3), and the IFP application will be granted.[1]

Accordingly, based on the above, **IT IS HEREBY ORDERED** that Spigner's application to appeal in forma pauperis [ECF No. 113] is granted.

Dated: November 3, 2017

                                        s/David S. Doty  
                                        David S. Doty, Judge  
                                        United States District Court

---

[1] Spigner did not include on his IFP application the issues to be raised on appeal as required. See 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1)(C). The court, however, has reviewed the issues on appeal as stated in his notice of appeal. See ECF Nos. 110, 111.